Mr. Justice Merrick
delivered the opinion of the court.
In the case of Williams vs. Ten Eyck et al., the court signed a decree a few days ago. At the request of counsel, we now announce the reasons for the decree.
A bill was filed by Williams against Ten Eyck and others for the purpose of obtaining a confirmatory deed to certain property in this city, the allegation being that the deed originally executed by them was defective, as had been suggested by certain property title searchers, upon the ground that the Certificate of acknowledgment was taken before a notary public, and there was no certificate of any proper official of the State to the notarial character of the officer taking the acknowledgment. This referred to an acknowledgment taken prior to the act of 18Y1.
The law regulating that subject, while providing for the acknowledgment.of deeds hy notaries public outside of the District of Columbia, did not prescribe any ceremonial after acknowledgment for the purpose of verifying the official character of the notary taking it. There has been a diversity of practice and a diversity of opinion in the District, as the court is informed, as to whether such an acknowledgment was good without a certificate from some other officer to the notarial character of the officer who took the acknowledgment.
Under the general commercial law of the world, the certificate of a notary and his seal prove themselves. He is an officer known to the commercial law, to the admiralty, and to the civil law; and wherever he has executed an iüstrument appropriate to his functions, his seal is recognized and judicially taken notice of by the courts, and proves itself. That was the general and accepted principle of law touching the judicial notice taken of the official character of the notary at the time the act of Congress was passed.
It is presumed, of course, that the framers of that law understood the general principles of the commercial law and the mode in which the courts recognized and gave credit to the official character of a notary when they passed that statute. When they provided for the taking of an *171 acknowledgment of a deed by a notary outside of the District of Columbia, they did not provide that his official act should he certified to by any other person ; and, therefore, as the court think, they left it to be construed according to the general rule of law touching the official character of such a person, to wit, that his seal verified and proved itself.
There is an additional reason in favor of that being the interpretation of the law by Congress, for when it changed the law, in February, 1811, and made a new provision about acknowledgments, it made a specific requirement that the seal of the notary should be authenticated by the proper officer of the State having cognizance of his official characacter and appointment. The absence of the provision in the former law, and the presence of the provision in the second law, confirms the opinion of the court as derived from the general policy of the commercial law to which I have adverted.
For these reasons, the court being of opinion that the deed was good and valid, being acknowledged before a notary public outside of the District, and recorded here, although without any certificate of his official character, the bill is dismissed, because as far as that deed was concerned, it formally conveyed all the estate and title of the party, and the record is a good and complete record, under the statute and the law existing prior to February, 1811,